CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2018 DEC -6 PM 4:41

DEPUTY CLERK _BMG_

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| YUSEF HOLLINS | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 5:18-CV-00109-M-BQ |
| | § | |
| LORIE DAVIS-DIRECTOR TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION TO DENY PETITION FOR A WRIT OF HABEAS CORPUS

### I. Background

Petitioner Yusef Hollins, appearing *pro se*, filed his Petition for Writ of Habeas Corpus by a Person in State Custody Pursuant to 28 U.S.C. § 2254 ("the Petition") on April 20, 2018.[1] In accordance with Special Order No. 3-251, this case was referred to the undersigned United States Magistrate Judge. At the time he filed this Petition, Petitioner was incarcerated at the Montford Unit of the Texas Department of Criminal Justice–Correctional Institutions Division (TDCJ-CID) under a Dallas County conviction for the offense of aggravated robbery of the elderly and the resultant seven-year sentence. Petitioner challenges prison disciplinary case number 20180078359, which he received while incarcerated in the Clements Unit of the TDCJ-CID. Petitioner states that after being found guilty of the disciplinary charge of attempting to establish a relationship, he was sanctioned with the loss of thirty to ninety days good time credit, forty-five days recreation and commissary privileges, and his custody status was reduced from G4 to G5. Petitioner also claims he was discharged from

---

[1] *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (A prisoner's habeas petition is deemed to be filed when he delivers the papers to prison authorities for mailing.).

1

the "Pamio" program as a result of the disciplinary case. In response to Question 16 on page 5 of the Petition, Petitioner indicates that he is eligible for release on mandatory supervision.

The Court understands Petitioner to raise four grounds for relief:

1. He received ineffective assistance of counsel substitute;

2. He was denied due process because he was unable to cross-examine the charging officer;

3. The charging officer did not speak English well, resulting in the counsel substitute not questioning him/her; and

4. Insufficient evidence exists to support the charge of attempting to establish a relationship.

On August 1, 2018, Respondent filed her Answer with Brief in Support requesting that the petition be dismissed with prejudice because Petitioner's claims do not entitle him to relief—primarily because Petitioner is not eligible for mandatory supervised release. ECF No. 17. Along with her Answer, Respondent included supporting documentation confirming that Petitioner is ineligible for mandatory supervised release. Respondent also argues that the Due Process Clause is not implicated by Petitioner's loss of certain privileges or the changes in his conditions of confinement.

On August 23, 2018, Petitioner filed his "Answer with Factual Pleadings," and acknowledged that he is not, in fact, eligible for mandatory supervision. ECF No. 20. Nevertheless, Petitioner argues that the disciplinary case resulted in changes in the conditions of his confinement that constitute an "atypical and significant hardship," which creates a liberty interest that entitles him to habeas relief despite his ineligibility for mandatory supervision. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995). Specifically, Petitioner argues that the sanctions resulted in a change from G4 to G5 restrictive housing custody status, caused him to be assigned to a high security unit (which he refers to as "Supermax"), and prevented him from receiving a variety of rehabilitation services. Petitioner also claims that because of this disciplinary proceeding (and a subsequent proceeding not the subject of

this Petition), he will have to "do at least a year or more" in harsher conditions.

## II. Federal Habeas Relief—Disciplinary Proceedings

To challenge the result of a prison disciplinary proceeding by way of a federal petition for a writ of habeas corpus, a petitioner must, at a minimum, be eligible for mandatory supervised release **and** have received a punishment sanction that included forfeiture of previously accrued good-time credits. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). As acknowledged by all the parties, Petitioner's aggravated robbery of the elderly conviction makes him ineligible for mandatory supervised release. *See* Tex. Gov't Code Ann. § 508.149(a)(12) (West 2011). Because Petitioner is not eligible for mandatory supervised release, he may not challenge a prison disciplinary proceeding by way of a federal petition for a writ of habeas corpus. *See Malchi*, 211 F.3d at 958.

To the extent Petitioner seeks to overcome his ineligibility for mandatory supervised release, a prisoner has no liberty interest in his custody level or classification unless he demonstrates that it imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Hernandez v. Velasquez*, 522 F.3d 556, 562–63 (5th Cir. 2008) (quoting *Sandin*, 515 U.S. at 484); *see also Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) (explaining that "any alleged due process or other constitutional violation arising from [custodial] classification is indisputably meritless"); *Whitley v. Hunt*, 158 F.3d 882, 889 (5th Cir. 1998) ("Inmates have no protectable property or liberty interest in custodial classifications.").

Even placement or continued confinement in administrative segregation (which Petitioner does not allege) does not by itself create a protectable liberty interest. *Pichardo v. Kinkler*, 73 F.3d 612, 613 (5th Cir. 1996). The *Sandin* Court, for example, found no liberty interest protecting against a thirty-day assignment to segregated confinement because, even though it was punitive in nature,

it did not "present a dramatic departure from the basic conditions of [the inmate's] sentence." 515 U.S. at 485.

Courts have recognized a narrow exception to this rule only when a prisoner is incarcerated in super-maximum-security conditions for a lengthy or indeterminate duration. *See Wilkinson v. Austin*, 545 U.S. 209, 214, 223–24 (2005) (transfer to the Ohio "Supermax" facility implicated a liberty interest, in part because conditions there were "more restrictive than any other form of incarceration in Ohio," confinement at the Supermax facility was indefinite, and otherwise eligible inmates were disqualified for parole consideration); *Wilkerson v. Goodwin*, 774 F.3d 845, 855 (5th Cir. 2014) (finding that thirty-nine years in solitary confinement was an atypical and significant hardship constituting a liberty interest).

Petitioner has not demonstrated that his G5 custody level constitutes an atypical or significant hardship. Petitioner claims that G5 classification means that he is "currently deprived of almost any environmental or sensory stimuli, almost from all human contact, visitation through glass walls, feed [sic] in cell instead of common eating area, lights always on, in a 7 by 14 feet cell with another inmate, 23 or 24 [hours] daily, controlled and monitored by camera and officers, etc." ECF No. 20. Even if Petitioner's factual allegations are accepted as true, he has failed to demonstrate that his restrictive housing assignment meets the *Sandin* standard. Petitioner's allegation that his disciplinary conviction resulted in a more restrictive confinement than his prior G4 status for "at least a year or more" is neither lengthy nor indeterminate when compared to the facts of *Wilkerson* or *Wilkinson*. Further, he has not demonstrated that his G5 custody level will subject him to the most restrictive environment in the Texas prison system. In sum, Petitioner has failed to show that his custody level rises to the sort of extraordinary hardship contemplated by the *Sandin* Court.

### III. <u>Recommendation</u>

It is the **RECOMMENDATION** of the undersigned United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner Yusef Hollins be **DENIED**. It is further recommended that any request for a certificate of appealability should also be **DENIED**. Pursuant to Rule 22 of the Federal Rules of Appellate Procedure and 28 U.S.C. § 2253(c), Petitioner has failed to show that reasonable jurists would (1) find this Court's "assessment of the constitutional claims debatable or wrong," or (2) find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

### IV. <u>Right to Object</u>

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2017); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Report and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: December 6, 2018.

_____
D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE